UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRWIN MOSKOWITZ,<br><br>          Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,[1]<br>Commissioner of Social Security,<br><br>          Defendant. | No. CV 12-3736 FFM<br><br>MEMORANDUM DECISION AND ORDER |

      Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying his application for a period of disability and Disability Insurance benefits. Plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the Case Management Order entered on May 2, 2012, on February 21, 2013, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record, filed by defendant on December 14, 2012, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is affirmed.

---

    [1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration of February 14, 2013 and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

**CONTENTIONS**

Plaintiff raises a single contention in this action:

1. Whether the ALJ properly considered the treating physician's opinion.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

**DISCUSSION**

1. <u>Whether the ALJ properly considered the treating doctor's opinion</u>.

Plaintiff contends that the ALJ improperly rejected the opinion of his treating physician, Dr. Goldberg, that was expressed in a document entitled "Residual Functional Capacity Questionnaire" dated July 28, 2010. Dr. Goldberg limited plaintiff to sitting four hours a day and standing/walking two hours a day. In addition,

Dr. Goldberg limited plaintiff's use of hands and fingers to 20% of an eight hour day. Dr. Goldberg based these limitations on plaintiff's diabetes and carpal tunnel syndrome. Dr. Goldberg noted reduced range of motion and muscle atrophy. The Vocational Expert testified that with either the sit/stand/walk limitation or the hands/fingers limitation plaintiff would not be able to work.

The consultative medical examiner, Dr. Nusinovich, conducted his examination on September 21, 2009. At that time, he found plaintiff's diabetes to be "under poor control" and that plaintiff experienced frequent hypoglycemia episodes. He also found that plaintiff's high blood pressure was "not well controlled." However, Dr. Nusinavich also found no muscle atrophy and full range of motion. He limited plaintiff to walking/standing to six hours in a day, but found no limitations on hand manipulations. The ALJ limited plaintiff to light work with some additional limitations that are not pertinent to the issues raised herein.

The medical consultant (non-examining physician) also found no manipulation limitations.

In evaluating physicians' opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither treat nor examine the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *limited on other grounds*, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1502, 404.1527(d). As a general rule, more weight should be given to the opinion of a treating source than to the opinions of physicians who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. § 404.1527(d)(2).

The Ninth Circuit has held that an ALJ may reject a treating physician's contradicted opinion only with "specific and legitimate" reasons, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830; *Holohan v. Massanari*, 246

F.3d 1195, 1202-03 (9th Cir. 2001). "The ALJ could meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

      Here, Dr. Goldberg's opinion was contradicted by the report of Dr. Nusinovich and the medical consultant. Therefore, the ALJ was required to state specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Goldberg's opinion. The ALJ reviewed the medical evidence (AR 23-24) and concluded that Dr. Goldberg's opinion was not consistent "with the actual treating records and progress notes . . . ." (AR 24.) Specifically, the ALJ found that plaintiff's diabetes was not uncontrolled to the degree asserted by Dr. Goldberg and that plaintiff's hands and upper extremities were not as dysfunctional as found by Dr. Goldberg. (*Id.*)

      As the ALJ noted, plaintiff himself admitted that his diabetes was now controlled and that the improved control was the result of plaintiff's compliance with his diet requirements. With respect to plaintiff's upper extremities, neither Dr. Nusinovich nor the medical consultant, who reviewed the medical records, found the hand and upper extremity restrictions found by Dr. Goldberg. The strength, range of motion, and lack of atrophy findings by Dr. Nusinovich in particular constitute substantial evidence that supports the ALJ's determination.

      Plaintiff also argues that Dr. Nusinovich did not review historical medical records. It is not clear from the record exactly what documents Dr. Nusinovich reviewed. However, his report contains a description of plaintiff's medical history. That history may or may not have been taken directly from plaintiff. Assuming the history was not taken directly from medical records, the Court still would find no error. Dr. Nusinovich's findings were based on his examination. Moreover, the medical consultant reviewed the medical records and reached the same conclusions from the records that Dr. Nusinovich reached from his examination.

      Therefore, remand is not required with respect to this issue.

**CONCLUSION**

For the foregoing reasons, the judgement of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: March 14, 2013

                                           /S/ FREDERICK F. MUMM
                                              FREDERICK F. MUMM
                                         United States Magistrate Judge